UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RIVERA O/B/O J.R., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> COMMISSIONER OF THE <br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. ED CV 10-149-PJW <br><br><br><br> MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff Irma Rivera, on behalf of her minor son, J.R., appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he: (1) failed to comply with an Appeals Council remand order requiring him to obtain a psychological evaluation; (2) determined that J.R. was not credible; and (3) failed to consider the side effects of J.R.'s medication in determining whether he was disabled. (Joint Stip. at 3.) For the reasons explained below, the appeal is denied and the action is dismissed with prejudice.

## II. SUMMARY OF PROCEEDINGS

In October 2006, Plaintiff applied for SSI on behalf of J.R., her then-11-year-old son, alleging that he had been disabled since May 2001, due to depression and schizophrenia. (Administrative Record ("AR") 177-79, 203-30.) The Agency denied the application initially and on reconsideration. (AR 65-66, 85-93.) Plaintiff then requested and was granted a hearing before an ALJ. On November 18, 2008, Plaintiff and J.R. appeared without counsel at the hearing. (AR 44-55.) On January 29, 2009, the ALJ issued a decision denying benefits. (AR 73-84.) Plaintiff appealed to the Appeals Council, which remanded the case to the ALJ for further proceedings. (AR 126-27.) After remand, the ALJ held another hearing (AR 27-43), and, on October 20, 2009, issued a second decision, again denying Plaintiff's claim for benefits. (AR 12-26.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3.) She then commenced the instant action.

## III. ANALYSIS

### A. The ALJ's Failure to Adhere to the Appeal's Council's Remand Order

Plaintiff complains that the ALJ failed to follow the Appeals Council's remand order because he did not obtain a qualifying psychological evaluation, as ordered. For the following reasons, this claim is rejected.

Following the ALJ's initial decision denying benefits, Plaintiff appealed to the Appeals Council. The Appeals Council concluded that the ALJ had erred and remanded the case back to the ALJ to, among other things:

>        Obtain additional evidence concerning all of the claimant's
>        mental impairments in order to complete the administrative
>        record in accordance with the regulatory standards regarding
>        consultative examinations and existing medical evidence (20
>        CFR 416.912-913). The additional evidence will include a
>        psychological consultative examination with psychological
>        testing and a statement regarding the claimant's impairments
>        and any resulting functional limitations. Evaluate the
>        mental impairments in accordance with the six domains of
>        functioning used for school-age children (age 6 to
>        attainment of age 12), and for adolescents (age 12 to
>        attainment of age 18) (20 CFR 416.926a).

(AR 127.)

In response, the ALJ ordered a consultative examination by psychologist Douglas W. Larson. (AR 302-07.) In addition to reviewing the records and examining J.R., Dr. Larson administered three, age-appropriate diagnostic tests on J.R. (AR 304-06.) Dr. Larson determined that J.R. was moderately impaired in five of six areas of functioning. (AR 306.) Inexplicably, however, though J.R. was 13 years old at the time, Dr. Larson characterized J.R.'s limitations in terms of ability to perform in the workplace, i.e., to interact appropriately with supervisors, comply with job rules, respond to change in a workplace setting, and maintain persistence in a workplace setting. (AR 306.) The ALJ and the medical expert recognized this error and discounted Dr. Larson's findings, in part, for that reason. (AR 19, 34-36.)

Plaintiff argues that the ALJ's rejection of Dr. Larson's evaluation because it was couched in terms of ability to function in

the workplace was tantamount to not having a psychological evaluation at all, contrary to the remand order of the Appeals Council. (Joint Stip. at 4-5.) She argues that this error requires automatic reversal because ALJs are required to follow the remand orders of the Appeals Council, citing *Ruiz v. Apfel*, 24 F.Supp.2d 1045, 1050 (C.D. Cal. 1998) and various regulations.

The Agency argues that the ALJ *did* follow the Appeals Council remand order and that, even if he didn't, his decision should be affirmed because this Court is not authorized to consider whether ALJs follow the dictates of Appeals Council remand orders. For the following reasons, the Court sides with the Agency.

The Court has a limited role in reviewing Agency decisions. It is tasked with determining whether the final decision of the Agency is supported by substantial evidence and is not based on legal error. *See* 42 U.S.C. § 405(g); *Tyler v. Astrue*, 305 Fed. Appx. 331, 332 (9th Cir. 2008); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). In *Tyler*, an unpublished 2008 decision, the Ninth Circuit explained in a case closely on point:

> The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand . . . . [F]ederal courts only have jurisdiction to review the final decisions of administrative agencies. When the Appeals Council denied review of the ALJ's second decision, it made that decision final, and declined to find that the ALJ had not complied with its remand instructions.

*Id.* at 332.

Thus, whether the ALJ followed the Appeals Council's remand or not is not properly before this Court. As such, Plaintiff's claim here is rejected.

Further, even assuming that this issue was properly before the Court and, assuming further that the Court agreed with Plaintiff that the ALJ was bound to follow the Appeals Council's remand order, it would conclude based on this record that the ALJ substantially complied with that order. He referred J.R. to a psychologist who performed a battery of tests on J.R. (AR 302-07.) These tests were aimed at identifying and analyzing J.R.'s problems. In fact, they did. Dr. Larson concluded that J.R. was moderately impaired in five of six areas of functioning. (AR 306.) Though Dr. Larson described J.R.'s limitations in terms of work capabilities, that fact alone does not diminish his evaluation.

Finally, the Court's conclusion that the ALJ followed the remand order is circumstantially bolstered by the fact that, when Plaintiff appealed the ALJ's second decision, the Appeals Council denied review. Certainly, an inference can be drawn that the Appeals Council did not believe that the ALJ failed to follow its remand order since it denied review. For these reasons, Plaintiff's claim that the ALJ's decision should be reversed because he failed to follow the Appeals Council's remand order is denied.[1]

---

[1] The ALJ was not required by the remand order to simply adopt Dr. Larson's opinion. The ALJ set forth reasons why he discounted Dr. Larson's opinion, which Plaintiff does not really challenge here.

B. The ALJ's Credibility Determination

Plaintiff contends that the ALJ erred when he concluded that J.R. was not credible. (Joint Stip. at 10-13.) For the following reasons, the Court disagrees.

ALJs are tasked with judging the credibility of witnesses. Where, as here, a claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged, the ALJ "may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1998); *Fair v. Bowen*, 885 F.2d 597, 601-03 (9th Cir. 1983). If there is no evidence of malingering, the ALJ may only reject the claimant's testimony for "specific, clear, and convincing reasons." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). These reasons must be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In evaluating a claimant's credibility, an ALJ is free to consider many factors, including "ordinary techniques of credibility evaluation[,]. . . prior inconsistent statements[,]. . . and the claimant's daily activities." *Smolen*, 80 F.3d at 1284. "General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

Over the course of two administrative hearings, J.R. testified about his ability to function at school and at home. (AR 46-51, 37, 40.) The gist of his testimony was that he was doing fairly well in school and in life outside school, though, at times, he had problems, including having (bathroom) accidents four or five times a year outside of school. (AR 40.) The ALJ determined that J.R.'s testimony

was not completely credible. (AR 17.) Plaintiff argues that this finding was contained in only two sentences of the ALJ's decision and was based on the vaguest of reasons, like the fact that J.R.'s symptoms improved significantly once he started taking his psycho-tropic medications and undergoing therapy. (Joint Stip. at 11-12.) The Court disagrees. The ALJ's justification for discounting J.R.'s testimony is contained in a fairly lengthy paragraph at page 17 of the administrative record and sets forth numerous reasons why J.R.'s testimony that he was limited in certain ways was not believable. These reasons included: according to J.R.'s mother and his doctors, J.R.'s condition had vastly improved with drugs and therapy; J.R. was attending school and doing well there, earning 3s and 4s on a 4-point scale in his course work; and J.R. was participating in normal activities when not in class. (AR 17.) These reasons are specific, clear, and convincing and are supported by the record. Further, they are valid reasons for discounting a claimant's credibility. *See Smolen*, 80 F.3d at 1284. As such, the ALJ's credibility finding will be upheld.

C. Medication Side Effects

At the first administrative hearing, J.R. testified that one of the medications that he was taking, Abilify, made him sleepy and interfered with his ability to concentrate in school. (AR 50-51.) The ALJ failed to mention this in his decision. Plaintiff argues that this was error and requires that the Court remand the case to the Agency to allow the ALJ to consider the side effects. (Joint Stip. at 17.) For the following reasons, the Court concludes that remand on this issue is not required.

Though the Court would agree that the ALJ should have mentioned J.R.'s testimony that his medication made him sleepy and interfered with his ability to concentrate in school, *see* Social Security Ruling 96-7p, the Court does not agree that remand is necessary here. To begin with, the ALJ found that J.R. was not credible, a finding this Court has upheld. Certainly, where, as here, the claimant is found to be not credible and the sole basis for his claim that he suffers from medication side effects is a passing mention in his testimony, the ALJ is not required to accept that testimony. *See, e.g., Thomas,* 278 F.3d at 960 (affirming ALJ's rejection of claimant's alleged side effects because claimant was not credible and the only evidence of side effects were her statements that they existed); and *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (holding ALJ did not err in excluding alleged side effects from hypothetical question where the record contained only "passing mentions of the side effects of [claimant's] medication . . . but there was no evidence of side effects severe enough to interfere with [claimant's] ability to work"). Further, J.R.'s claim at the hearing that he was suffering from side effects was contradicted by his numerous statements to his doctors to the contrary. As the Agency pointed out in the brief, over the course of his treatment, J.R. reported to his doctors 16 times that he was not experiencing any side effects from his medication. Finally, as J.R. explained, he was doing well in school, earning 3s and 4s in his classes, and was doing well outside school, too. This evidence further suggests that any side effects, real or imagined, were not so critical as to have any impact on the ALJ's disability

determination.  Thus, remand on this issue is not warranted because any error by the ALJ was harmless.[2]

IV.  CONCLUSION

For the reasons set forth above, the Court concludes that the Agency's decision denying benefits is supported by substantial evidence and is not based on legal error.  The decision is, therefore, affirmed and the action is dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 8, 2011

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\RIVERA, I 149\Memorandum and Order.wpd

---

[2] Plaintiff's citation to *WebMD* and her argument that Abilify can cause numerous side effects, including drowsiness, is not on point.  (Joint Stip. at 17.)  The issue is not what side effects the medicine could cause, but what side effects it did cause.  A fair reading of this record establishes that it did not cause any side effects in J.R.

9